NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

12-P-1454                                         Appeals Court

COMMONWEALTH  vs.  BILLY BALTHAZAR.


No. 12-P-1454.

Berkshire.     December 4, 2013. - October 3, 2014.

Present:  Cypher, Kantrowitz, & Cohen, JJ.


Alien.  Constitutional Law, Assistance of counsel, Plea.
    Practice, Criminal, Assistance of counsel, Plea, New trial.



    Complaints received and sworn to in the Northern Berkshire
Division of the District Court Department on April 11, 2008.

    A motion for a new trial was heard by Michael J. Ripps, J.


    Daniel J. Ciccariello for the defendant.
    John P. Bossé, Assistant District Attorney, for the
Commonwealth.


    CYPHER, J.  The defendant, Billy Balthazar, appeals from

the denial of his motion for a new trial in which he sought to

vacate guilty pleas that he entered in 2009, claiming that

counsel's failure to correctly advise him of the immigration

consequences of those pleas deprived him of his right to the

effective assistance of counsel under the Sixth Amendment to the

United States Constitution and art. 12 of the Massachusetts Declaration of Rights.[1]  Although we agree that counsel's advice did not satisfy the standards articulated in Padilla v. Kentucky, 559 U.S. 356, 368-369 (2010) (Padilla), and Commonwealth v. DeJesus, 468 Mass. 174, 178-182 (2014) (DeJesus), we conclude that further proceedings are necessary to determine whether counsel's deficient performance prejudiced the defendant.  See id. at 182-183.  We therefore vacate the order denying the defendant's motion for a new trial and remand for further proceedings.[2]

_____

[1] After the defendant's appeal was entered in this court, the United States Supreme Court issued its decision in Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013), which held that the rule announced in Padilla v. Kentucky, 559 U.S. 356, 374 (2010), does not have retroactive effect.  As that holding conflicted with our Supreme Judicial Court's prior decision in Commonwealth v. Clarke, 460 Mass. 30, 45 (2011), and resolution of that conflict would affect the outcome of the defendant's claim, we stayed this appeal pending the Supreme Judicial Court's decision in Commonwealth v. Sylvain, 466 Mass. 422, 423 (2013), as to whether it would continue to give Padilla retroactive effect in light of Chaidez.  We vacated the stay after the Supreme Judicial Court issued its opinion in Sylvain, concluding that it would continue to give Padilla retroactive effect.  See Commonwealth v. Sylvain, supra at 423-424 ("We conclude, as a matter of Massachusetts law and consistent with our authority as provided in Danforth v. Minnesota, 552 U.S. 264, 282 [2008] . . . , that the Sixth Amendment right enunciated in Padilla was not a 'new' rule and, consequently, defendants whose State law convictions were final after April 1, 1997, may attack their convictions collaterally on Padilla grounds.  We thus affirm our decision in Clarke").  Both parties have filed a supplemental memorandum, addressing the effect of Sylvain on the issues presented in the defendant's appeal.

[2] The motion judge wrote a careful and well-reasoned decision. DeJesus, supra, was not available at the time.

Background.  Following the defendant's arraignment on multiple charges in April through June, 2008, he appeared in the District Court on July 13, 2009, represented by counsel, for final pretrial conferences.  After the Commonwealth amended three charges from felonies to misdemeanors, and following a plea colloquy, the defendant pleaded guilty to all the charges, including the two charges at issue here.

In a notice dated July 15, 2010, from the "U.S. Department of Justice Immigration and Naturalization Service" (INS),[3] the defendant was informed that he was "subject to being taken into custody and deported or removed from the United States pursuant to . . . [8 U.S.C. § 1227](a)(2)(A)(ii)," based on his 2009 convictions of malicious destruction of property under $250, G. L. c. 266, § 127, and larceny under $250, G. L. c. 266, § 30.  On February 27, 2012, the defendant filed a motion for a new trial that sought to vacate his guilty pleas to these charges, alleging that counsel failed to correctly advise him of the immigration consequences of his pleas.  Following a nonevidentiary hearing on March 20, 2012, a District Court judge denied the defendant's motion and issued a written decision on May 30, 2012.

---

[3] Although the notice appears to be from the INS, that entity was abolished in 2003 and its duties transferred to the Department of Homeland Security.  See Commonwealth v. Grannum, 457 Mass. 128, 130 n.5 (2010), and authorities cited.

Discussion. 1. Standard of review. The defendant argues that the judge abused his discretion in denying the motion for a new trial, asserting that counsel's ineffectiveness violated his rights under Padilla, supra at 369, and Commonwealth v. Clarke, 460 Mass. 30, 47-48 (2011) (Clarke). We review the denial of a motion for a new trial for significant error of law or abuse of discretion. Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722 (2012). Our review of a claim of ineffective assistance of counsel follows the well-known test in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).[4] As applied to the claim before us, the defendant must show that counsel failed to adequately advise the defendant of the immigration consequences of his pleas and, as a result, the defendant was prejudiced. See Clarke, supra at 45-46.

2. Adequacy of counsel's advice. In Padilla, 559 U.S. at 374, the United States Supreme Court held that "counsel must inform [a] client whether [a] plea carries a risk of deportation."[5] See Commonwealth v. Sylvain, 466 Mass. 422, 436-437 (2013) (indicating right to counsel's advice on deportation consequences of guilty plea are coextensive under Sixth

---

[4] "[I]f the Saferian test is met, the Federal test is necessarily met as well." Clarke, supra at 45, quoting from Commonwealth v. Fuller, 394 Mass. 251, 256 n.3 (1985).

[5] Our Supreme Judicial Court has held that Padilla also requires that counsel inform noncitizen clients that a conviction at trial may have immigration consequences. Commonwealth v. Marinho, 464 Mass. 115, 124 (2013).

Amendment and art. 12).  The Supreme Court stated in Padilla that "[w]hen the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.  But when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear" (footnote omitted).  Padilla, supra at 369.  As to Padilla's case, the Supreme Court noted that it was "not a hard case in which to find deficiency:  The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice [that Padilla's conviction would not result in removal] was incorrect."  Id. at 368-369.

In DeJesus, our Supreme Judicial Court went further.  The court concluded that advising a client that he was "eligible for deportation" was not sufficient to convey the reality that deportation would be "presumptively mandatory" or "practically inevitable," where the immigration statute was "succinct, clear, and explicit about the removal consequences for a noncitizen defendant convicted of possession with intent to distribute cocaine."  DeJesus, 468 Mass. at 180-181.  As a result, the advice "fell below an objective standard of reasonableness," satisfying the first prong of the test for ineffective assistance under both the Federal and State tests.  Id. at 182.

Here, the question is whether it was sufficiently clear that the misdemeanor crimes of malicious destruction of property under $250, in violation of G. L. c. 266, § 127, and larceny under $250, in violation of G. L. c. 266, § 30, were crimes involving moral turpitude that would bring the defendant within the parameters of 8 U.S.C. § 1227(a)(2)(A)(ii) (2006),[6] governing deportation and, if so, whether counsel's recommendation that the defendant seek the advice of an immigration lawyer fell below an objective standard of reasonableness.

The motion judge, who also was the plea judge, began his determination of whether plea counsel's conduct had been deficient by considering affidavits submitted by plea counsel and the defendant. The judge did not conduct an evidentiary hearing. The judge credited plea counsel's affidavit,[7] which

---

[6] As previously indicated, the defendant's notice from the INS states that the defendant is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii). That statutory provision, in pertinent part, states: "Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien . . . at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial."

[7] The defendant filed a motion below to strike counsel's affidavit, principally on the ground that it contained the "unauthorized disclosure of confidential communications." The judge denied the motion, ruling that because the defendant had asserted counsel was ineffective, counsel was permitted by Mass.R.Prof.C. 1.6(b)(2), 426 Mass. 1322 (1998), to reveal confidences reasonably necessary to establish a defense in that

stated that counsel advised the defendant at their first meeting and other times that there may be immigration consequences and urged the defendant, as well as members of his family, to obtain the services of an immigration lawyer.  Plea counsel also averred that the defendant refused to seek advice from an immigration lawyer and insisted on going forward with the pleas if their dispositions did not involve incarceration.[8]

Having unsuccessfully urged the defendant to seek advice from an immigration lawyer, counsel informed the judge prior to the plea colloquy that he had sought through plea bargaining to avoid adverse immigration consequences, and presented the following rationale to the judge:

> "[T]he Commonwealth has agreed to reduce certain felonies to misdemeanors so that they won't affect [the defendant's] opportunity to be able to stay in this country as a permanent resident. . . . I don't think the misdemeanors create any problem for him, we'll just have to wait and see, but he certainly has a better shot than a continuance without a finding on a felony where he has to acknowledge that there's sufficient facts for the court to find him guilty."[9]

---

controversy.  Contrary to the defendant's claim on appeal, the judge properly denied the motion.

[8] Counsel averred that the defendant "informed [him] that [the defendant] had prior criminal matters in the United States and that he was knowledgeable with respect to the potential immigration problems and consequences."

[9] A transcript of this hearing has not been included in the record, but neither party challenges the quotation and, although the defendant's brief contains the same quotation with some textual differences, those differences are inconsequential.

Although 8 U.S.C. § 1227(a)(2) enumerates categories of criminal offenses and, in some instances, identifies crimes for which aliens may be deported, it does not identify specific crimes involving moral turpitude. The defendant's memorandum in support of his motion for a new trial cited authorities that indicate larceny and malicious destruction of property are crimes involving moral turpitude and, based on the existence of these authorities, argued that plea counsel should have known that pleading guilty to those crimes would subject the defendant to deportation.[10] As legal research would have indicated that the crimes were ones involving moral turpitude, we must conclude, notwithstanding the motion judge's thoughtful consideration of Justice Alito's observations in his concurrence in Padilla, 559 U.S. at 375-388, that counsel's failure to inform the defendant that pleading guilty to the charges would

---

[10] See, e.g., Tillinghast v. Edmead, 31 F.2d 81, 83 (1st Cir. 1929) (concluding larceny is crime involving moral turpitude), and Matter of C, 2 I. & N. Dec. 716, 719 (B.I.A. 1947) (suggesting malicious destruction of property is crime involving moral turpitude). But see Da Silva Neto v. Holder, 680 F.3d 25, 30 (1st Cir. 2012) (noting court has "no case law directly on point to guide" its review of whether malicious destruction of property under Massachusetts law is crime involving moral turpitude). We also note that secondary sources, such as Kesselbrenner & Wayne, Defending Immigrants Partnership, Selected Immigration Consequences of Certain Massachusetts Offenses 11, 12 (2006), were available to plea counsel in Massachusetts and would have provided additional guidance.

subject him to presumptively mandatory deportation fell below an objective standard of reasonableness.[11]

3.   Prejudice to defendant.   Although the motion judge concluded that plea counsel's advice was not deficient, he nevertheless considered the second prong of the Saferian test, whether the defendant was prejudiced by counsel's representation.   To demonstrate prejudice, the defendant must "prove that it would have been a rational decision on his part to reject the government's plea bargain and proceed to trial." Commonwealth v. Chleikh, 82 Mass. App. Ct. at 725. "Specifically, . . . a defendant has the 'substantial burden' of proving (1) that he had a substantial defense available to him; (2) that there was a reasonable probability that he could have negotiated a different plea bargain; or (3) that the presence of special circumstances support the conclusion that he would have placed additional emphasis on immigration consequences in

---

[11] The motion judge observed:  "Justice Alito, in his concurrence in Padilla, in which the Chief Justice joined, suggests that because of the vagaries of immigration law, courts will have difficulty in determining whether an attorney has or has not given effective advice of counsel about immigration consequences.  Justice Alito notes that, 'providing advice on whether a conviction for a particular offense will make an alien removable is often quite complex' because '[m]ost crimes affecting immigration status are not specifically mentioned . . . , but instead fall under a broad category of crimes, such as crimes involving moral turpitude or aggravated felonies.' Padilla, supra at [377-378], quoting M. Garcia & L. Eig, CRS Report for Congress, Immigration Consequences of Criminal Activity (Sept. 20, 2006) (summary) [emphasis in original]."

deciding whether to plead guilty."  Id. at 725-726, citing Clarke, 460 Mass. at 47-48.

As to the first factor, the defendant averred that "[h]ad [he] known that . . . larceny and [malicious] destruction of property . . . [were] crimes upon which deportation could be based, [he] would not have pled guilty, instead [he] would have gone to trial as [he] thought that [he] had meritorious defenses."  In fact, the motion judge noted, and the Commonwealth appeared to agree, that the defendant had a viable defense to the malicious destruction of property charge.  On the larceny charge, the defendant was found in possession of a trash barrel removed from the premises where his former wife was residing.  The defendant claimed that he had borrowed it to collect leaves, and he may have been able to defend the larceny charge on that ground.

As to the second factor used to prove prejudice, i.e., whether there was a reasonable probability that the defendant could have negotiated different pleas, it is evident that counsel made great efforts to obtain a plea arrangement that would enable the defendant to avoid deportation, and the Commonwealth apparently was willing to structure the pleas to meet that objective.  Had counsel been aware that two of the charges were crimes involving moral turpitude, he may have been

able to negotiate an arrangement whereby these two especially problematic charges were avoided.

As to the final factor, whether there were special circumstances that indicated the defendant would have placed emphasis on the immigration consequences when deciding whether to plead guilty, the defendant's affidavit states that he was a permanent resident of the United States, that he had come to the United States from Haiti in 1996, that he is a licensed aircraft mechanic and had worked numerous other jobs in the United States, and that all of his family lived in the United States and Canada.

In light of the above showing on the three factors used to prove prejudice, we conclude that the defendant has raised a substantial issue necessitating an evidentiary hearing.  See Commonwealth v. Almonte, 84 Mass. App. Ct. 735, 738 (2014) (noting that where substantial issue arises from submitted affidavits, better practice is to conduct evidentiary hearing). Further inquiry is required to determine whether, had the defendant been properly advised of the consequences of pleading guilty to the two crimes involving moral turpitude, he would have opted to "roll the dice" and proceed to trial, despite the risk of incarceration, to avoid near certain deportation.

Conclusion.  Under the evolving case law in this area, the defendant has demonstrated that counsel's advice was

constitutionally deficient and raised a substantial issue as to prejudice.  Accordingly, he is entitled to an evidentiary hearing.  We vacate the order denying the defendant's motion for a new trial and remand the case to the District Court for further proceedings consistent with this opinion.

<u>So ordered</u>.