NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11964

COMMONWEALTH  vs.  MANUEL ANTONIO MERCADO.


Suffolk.     February 10, 2016. - April 6, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Controlled Substances.  Alien.  Constitutional Law, Plea,
    Assistance of counsel, Retroactivity of judicial holding.
    Due Process of Law, Plea, Assistance of counsel.  Practice,
    Criminal, Plea, Assistance of counsel, Retroactivity of
    judicial holding.



Complaint received and sworn to in the East Boston Division
of the Boston Municipal Court Department on February 26, 1990.

A motion for a new trial, filed on March 18, 2015, was
heard by John E. McDonald, Jr., J.

The Supreme Judicial Court granted an application for
direct appellate review.


Benjamin L. Falkner for the defendant.
John P. Zanini, Assistant District Attorney, for the
Commonwealth.
Emma C. Winger, Jennifer Klein, & Wendy S. Wayne, Committee
for Public Counsel Services, for Committee for Public Counsel
Services & another, amici curiae, submitted a brief.

CORDY, J.  In Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013), S.C., 473 Mass. 832 (2016), we affirmed our decision in Commonwealth v. Clarke, 460 Mass. 30 (2011), that, under Massachusetts law, defense counsel's duty to provide noncitizen defendants with accurate advice regarding the deportation consequences of pleading guilty (or being convicted at trial), as articulated by the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356, 360 (2010), was to be applied retroactively on collateral review.[1]  See Clarke, supra at 31. We set the date of retroactivity at April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (IIRIRA), which, together with the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996) (AEDPA), made deportation for noncitizens convicted of certain criminal offenses virtually inevitable.  See Padilla, supra at 363-364. See also Clarke, supra at 41.

The offense to which the defendant pleaded guilty is possession of a class A substance (heroin) in violation of G. L.

---

[1] Our decision in Commonwealth v. Sylvain, 466 Mass. 422 (2013), S.C., 473 Mass. 832 (2016), came in the aftermath of Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013), in which the United States Supreme Court concluded that its decision in Padilla v. Kentucky, 559 U.S. 356 (2010), established a new rule and therefore was not retroactive in effect under Federal precedent.

c. 94C, § 34. Although he received a suspended sentence, the statute provides for a possible penalty of up to two years in a house of correction, and consequently, deportation was virtually inevitable under the provisions of AEDPA.[2] His guilty plea was entered after the effective date of AEDPA, but before the effective date of IIRIRA. Thus, the first issue we must decide in this case is whether the retroactivity affirmed in the Sylvain case should extend back to the effective date of AEDPA, April 24, 1996, for convictions of offenses for which AEDPA eliminated the then available protections (or discretionary waivers) for noncitizens who were sentenced to less than one year of imprisonment for controlled substance convictions. For the reasons articulated in Clarke and Sylvain, we conclude that it should.[3]

---

[2] Prior to enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), a noncitizen but legal permanent resident, who might have become deportable for criminal convictions, had a defense to deportation by way of a discretionary waiver under § 212(c) of the Immigration and Naturalization Act of 1952. See Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 297 (2001) (INS). The class of noncitizens eligible for § 212(c) relief was dramatically reduced by AEDPA, which precluded such relief for (among other crimes) any aggravated felony conviction (regardless of sentence) and any controlled substance or firearm conviction for which a maximum imprisonment of one year or more may be imposed. Id. See § 440(d) of AEDPA, 110 Stat. at 1277. The Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996), eliminated § 212(c) relief entirely. INS, supra.

[3] The Commonwealth has not argued otherwise in this appeal.

The next issue we need to decide is whether, in the circumstances of this case, the defendant's motion for a new trial was properly denied.  For the reasons set forth below, we vacate the denial and remand the case to the motion judge for further proceedings.

It is uncontested that the defendant came to the United States in 1987 at the age of fourteen.  Most of his family lives in Massachusetts, but his father still resides in his home country of the Dominican Republic.  The defendant is not a United States citizen and his primary language is Spanish.  He was arrested at Logan Airport on February 23, 1990, and charged with possession with intent to distribute a class A substance (heroin).  After his arraignment, he fled Massachusetts and lived in Florida.[4]

The defendant returned to Massachusetts in 1996, his default was removed, and he was held in custody pending the resolution of the criminal complaint.  On February 7, 1997, he pleaded guilty to the lesser charge of possession of a class A substance, for which he was sentenced to one year in a house of

---

[4] In Florida, he was apparently convicted of another criminal offense.

correction suspended for one year with community service requirements.[5]

More than seventeen years later, on August 4, 2014, he received a notice to appear in which the United States Department of Homeland Security alleged that he was a removable alien because of his conviction of possession of a class A substance.[6]  On March 18, 2015, the defendant filed a motion for a new trial in the present case, alleging that his attorney was constitutionally ineffective for failing to advise him adequately as to the likely deportation consequences of his guilty plea.

A hearing on the motion was held in the Boston Municipal Court, at which the attorney who had represented the defendant at the plea tender testified, as did the defendant himself. Their testimony differed on several critical points.  For example, the attorney testified that she advised the defendant that there might be immigration consequences if he was convicted

---

[5] In November, 1996, under the then existent two-tier trial de novo system in the District Court, the defendant had offered an admission to sufficient facts to the possession with intent complaint with the hope of receiving a continuance without a finding disposition.  He received a suspended sentence instead and appealed to the jury session in the Chelsea Division of the District Court Department, where he subsequently pleaded guilty to the reduced charge.

[6] Subsequently, on August 26, 2015, the United States Immigration Court ordered the defendant deported to the Dominican Republic.

and that he should consult an immigration attorney as to what those consequences could be.  The defendant testified that no such advice was given.  The attorney further testified that an interpreter was not necessary in her conversations with the defendant, and that the defendant told her that he consented to the police search of his coat at Logan Airport (in which the heroin was found), and thus a motion to suppress was not viable. The defendant, however, testified that he used someone to interpret for him arranged by his mother on the day of his guilty plea, that he did not tell his attorney that he consented to the search, and that he had just picked up the coat from the floor after it had been dropped by some unknown third party.

Having observed this testimony, the motion judge was in a position to make the credibility assessments necessary to a determination whether counsel's advice was deficient and, if so, whether the defendant had met his burden to prove that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).  In other words, the defendant must offer evidence sufficient to "convince the court that a decision to reject the plea bargain would have been rational under the

circumstances." <u>Clarke</u>, <u>supra</u>, quoting <u>Padilla</u>, 559 U.S. at 372.[7]

Unfortunately, the judge made no findings after the hearing concluded, but simply denied the motion.  This may have been the product of the Commonwealth's understandable argument that the holding in <u>Sylvain</u> was retroactive only to convictions accruing after April 1, 1997, a ruling we have now clarified.

Consequently, we cannot be certain on what ground or grounds the judge may have based his denial.  The denial is therefore vacated and the matter remanded for further proceedings consistent with this opinion.[8]

<u>So ordered</u>.

---

[7] As we noted in <u>Commonwealth</u> v. <u>Clarke</u>, 460 Mass. 30, 47-48 (2011), "[t]o prove the latter proposition, the defendant bears the substantial burden of showing that (1) he had an available, substantial ground of defence . . . that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of special circumstances that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty" (citations, quotations, and footnote omitted).

[8] On remand, the motion judge may order a further evidentiary hearing, or he may make findings on the basis of the evidence presented at the prior hearing.