NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-472                                       Appeals Court


COMMONWEALTH  vs.  SON NGUYEN.



No. 15-P-472.     May 17, 2016.


Practice, Criminal, Plea, Assistance of counsel.  Constitutional Law, Plea, Assistance of counsel.  Due Process of Law, Plea, Assistance of counsel.  Alien.  Shoplifting.


In 2013, the defendant admitted to facts sufficient to prove three counts of shoplifting.  A judge of the Dorchester Division of the Boston Municipal Court Department continued the cases without findings and imposed conditions of probation.  After the defendant was found in violation of probation based on a new shoplifting offense, guilty findings were entered on the three underlying charges, and he was sentenced to ten days' incarceration.  The defendant subsequently filed a motion for a new trial seeking to withdraw his guilty pleas.  Before us now is the defendant's appeal of the order denying that motion without an evidentiary hearing, and of the order denying his motion for reconsideration.  We affirm.

In the defendant's motion for a new trial, he argued that his plea counsel was constitutionally ineffective for failing to provide the defendant with adequate advice regarding the immigration consequences of his pleas.  See Padilla v. Kentucky, 559 U.S. 356, 368-369 (2010).  Because the record establishes that plea counsel did discuss with the defendant that his pleas could have negative immigration consequences,[1] the defendant is left to argue that counsel was ineffective for failing to advise

_____

[1] For example, the waiver of rights form that both the defendant and his counsel signed attested that the defendant had been warned that the pleas could have immigration consequences.

him that he presumptively would be deported as a result of the pleas.  See Commonwealth v. DeJesus, 468 Mass. 174, 180-182 (2014).

As the defendant accurately notes, "[a]ny alien who . . . is convicted of two or more crimes involving moral turpitude . . . is deportable."  8 U.S.C. § 1227(a)(2)(A)(ii) (2008). There is some question, however, whether the defendant is correct in his assertion that the crime of shoplifting is a crime involving moral turpitude.  See Mejia v. Holder, 756 F.3d 64, 68-69 (1st Cir. 2014).  Compare Commonwealth v. Balthazar, 86 Mass. App. Ct. 438, 442-443 (2014), with Commonwealth v. Cano, 87 Mass. App. Ct. 238, 245 n.14 (2015).  However, even were we to assume arguendo that shoplifting constitutes such a crime, the defendant is still unable to show that he presumptively would be deported as a result of his pleas.[2]  To the contrary, because it is undisputed that the defendant came to the United States from Vietnam prior to 1995, he enjoys a protected status pursuant to the United States-Vietnam repatriation pact of 2008 (2008 pact).[3]  Specifically, the defendant, who is a lawful permanent resident, cannot be deported back to Vietnam.[4]  The premise underlying the

[2] Of course, the defendant would also have to demonstrate that the advice he received "deprived [him] of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  In the context of this case, that means "the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), quoting from Hill v. Lockhart, 474 U.S. 52, 59 (1985). Nothing in this opinion should be interpreted as suggesting that we agree that the defendant has met that burden.

[3] See Agreement on the Acceptance of the Return of Vietnamese Citizens, Jan. 22, 2008, U.S.-Vietnam, T.I.A.S. No. 08-322 (available at http://www.state.gov/documents/organization/108921.pdf [https://perma.cc/M92G-EWSW]).

[4] The defendant acknowledged this point of law in an affidavit executed by his student attorney in support of his motion for a new trial.  That affidavit goes on to assert that even though the defendant could not be deported, he "could still be placed in deportation proceedings under certain circumstances."  No further explanation is provided as to what this means or how it might affect the defendant.  See Zadvydas

defendant's claim of ineffective assistance therefore fails,[5] and the judge properly denied his motions.

> Orders denying motions for <u>evidentiary hearing on motion for new trial and for reconsideration affirmed</u>.

<u>John Sadek</u> (<u>Karen Pita Loor</u> with him) for the defendant. <u>Sarah Montgomery Lewis</u>, Assistant District Attorney, for the Commonwealth.

---

v. <u>Davis</u>, 533 U.S. 678, 682 (2001) ("removable" aliens cannot be detained indefinitely). Finally, even if the 2008 pact were altered at some time in the future to provide for the possibility of deporting Vietnamese citizens who came to the United States prior to 1995, this would not mean that the advice that his plea counsel provided about potential negative immigration consequences was inaccurate at the time the pleas were accepted.

[5] Put differently, as the Commonwealth pointed out at oral argument, had plea counsel advised the defendant that the pleas meant that he presumptively would be deported, this advice would have been inaccurate.