In 2015, the defendant filed a motion to withdraw a guilty plea he had entered in 1997 in the East Boston Division of the Boston Municipal Court. That motion was denied, and the defendant's appeal therefrom was considered by the Supreme Judicial Court (SJC) on direct appellate review. The SJC remanded, concluding that its adoption of the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 360 (2010), was retroactive to the time of the defendant's guilty plea. Commonwealth v. Mercado, 474 Mass. 80, 83-84 (2016). On remand, the defendant's motion was again denied by the same judge, a decision he now appeals. We affirm.
Background. The defendant was arrested at Logan Airport in 1990 after consenting to a search of his jacket by an undercover police officer that yielded a paper bag containing 300 bags of heroin. He was released on personal recognizance and failed to appear before the court again until 1996. He pleaded guilty to a lesser charge of possession of a class A substance in 1997 and received a suspended sentence in the house of correction. His probation period was ultimately terminated in 2006.
The defendant, a legal permanent resident of the United States born in the Dominican Republic, filed his motion to withdraw his guilty plea in 2015 on the grounds that his trial counsel was ineffective in failing to properly advise him that he was likely to be deported as a result of his guilty plea. The judge denied the motion without making factual findings. The defendant's appeal was heard by the SJC, which determined that its decisions in Commonwealth v. Clarke, 460 Mass. 30 (2011), and Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013), S.C., 473 Mass. 832 (2016) -which applied Padilla retroactively to April 1, 1997-applied to convictions stemming back to April 24, 1996.[2] Mercado, supra at 82. As the defendant's guilty plea fell within that period, the SJC remanded the case for written findings. Id. at 83-84.
On remand, the judge considered the substance of the earlier evidentiary hearing, at which the defendant and his plea counsel from 1997 each testified. The only issue raised in the motion to withdraw the guilty plea was whether plea counsel provided effective assistance of counsel under the Padilla standard.[3] In his findings, the judge explicitly credited plea counsel's testimony that she recalled having some conversation with the defendant about possible immigration consequences of a guilty plea. She further testified that she "recommended that [the defendant] consult with an immigration attorney" because that was not her area of expertise. The judge noted that plea counsel appeared in court four times with the defendant, provided sound legal advice, and negotiated a positive outcome for the defendant.
The judge also heard testimony from the defendant, whose testimony included statements that he did not recognize his plea counsel and that he never discussed immigration consequences with her. His testimony was discredited, termed by the judge to be "misleading, evasive, untruthful and self-serving." In denying the defendant's motion, the judge emphasized that plea counsel had many conversations with the defendant about possible immigration consequences of his guilty plea and suggested that the defendant consult an immigration attorney. Under the Padilla standard, the judge determined that plea counsel's advice "comported with that of an ordinary fallible lawyer." The judge further noted that, even if plea counsel's representation was ineffective, the defendant did not prove any form of prejudice as laid out in Commonwealth v. DeJesus, 468 Mass. 174, 182-184 (2014).[4]
Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial." Id. at 178. Pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), a judge "may grant a motion for new trial if it appears that justice may not have been done." Commonwealth v. Moore, 408 Mass. 117, 125 (1990). We review the denial of a motion for new trial to determine whether there is "a significant error of law or other abuse of discretion." Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986). On appeal, the defendant argues that the denial of his motion to withdraw the guilty plea was erroneous because plea counsel was ineffective for failing to advise him that he would likely be deported due to his guilty plea and because he demonstrated "special circumstances" under DeJesus that resulted in prejudice.
Ineffective assistance of counsel is found upon a showing that "there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). If that is found, we then determine "whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Ibid. Under Padilla, we employ a two-pronged analysis. First, a defendant must establish that counsel was ineffective, which exists if counsel does not "inform her client whether his plea carries a risk of deportation." Padilla, 559 U.S. at 367. A defendant must then prove that counsel's deficiencies prejudiced him. DeJesus, supra at 182-183. Here, the only form of prejudice argued by the defendant is that there existed "special circumstances that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding to plead guilty." Id. at 183 (quotation omitted).
In arguing that special circumstances existed, the defendant cites his own testimony that he had been in the United States since he was fourteen years old and that much of his family lived in the United States, as well as plea counsel's testimony that she sought dispositions that would avoid immigration consequences.[5] While it may be true that the defendant had ties to the United States and a desire to stay in the country where he had resided for nearly ten years, his argument does not rise to the level of special circumstances as to warrant a new trial. Here, in contrast to DeJesus, the defendant continued to maintain familial ties in the Dominican Republic as his father remained there. Additionally, the defendant's other contentions are nonspecific statements that, while expressing a desire to remain in the United States, do not establish that immigration consequences would have pushed him to "roll the dice" and proceed to trial despite his favorable plea bargain. Commonwealth v. Balthazar, 86 Mass. App. Ct. 438, 444 (2014). See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 729 (2012).
"Courts have found 'special circumstances' and provided relief when defendants demonstrate specific facts supporting their connection to the United States."Chleikh, supra at 728-729. For example, "[a] defendant may fervently desire to remain in the United States because of the depth and quality of the roots he or she has planted in this country." Commonwealth v. Lavrinenko, 473 Mass. 42, 58 (2015). In DeJesus, supra at 176, 184, the SJC recognized special circumstances when the defendant demonstrated extensive roots in the Boston area, including steady employment and the entirety of his family living in the area, including his daughter. In Lavrinenko, supra, special circumstances were found when the defendant was a Russian refugee, having fled religious persecution. Finally, in Sylvain, 473 Mass. at 836-837, special circumstances were found after plea counsel testified that "the defendant's major concern was to avoid deportation."
Here, the defendant failed to cite sufficient specific facts to support his contention that special circumstances existed such that a new trial would be warranted. Accordingly, we discern no error of law or abuse of discretion in the judge's denial of the defendant's motion to withdraw his guilty plea.
Order denying motion to withdraw guilty plea affirmed.

The retroactive dates relate to the passing of two different statutes. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 was effective April 1, 1997, the date to which the SJC first ruled that Padilla's retroactivity applied. Clarke, supra at 31. In Mercado, the SJC held that Padilla would be applied retroactively to April 24, 1996, the effective date of an earlier statute, the Antiterrorism and Effective Death Penalty Act (AEDPA). Mercado, supra at 81-82. Under AEDPA, the defendant's guilty plea to possession of a controlled substance made deportation "virtually inevitable." Id. at 81.

The previous motion to withdraw the guilty plea had also argued that plea counsel was ineffective for failing to file a motion to suppress.

The three means of proving prejudice are as follows: (1) the defendant had a substantial ground of defense that he would have pursued; (2) the defendant can show a reasonable probability that a different plea bargain could have been obtained; or (3) there existed "special circumstances" that would have led to the defendant placing significant emphasis on immigration consequences. DeJesus, supra at 183.

We recognize that the judge discredited the defendant's testimony "in its entirety" and are mindful that "[w]e accept the judge's findings of fact if supported by the evidence, because the judge who heard the witnesses testify is the 'final arbiter on matters of credibility.' " DeJesus, supra at 178, quoting from Commonwealth v. Schand, 420 Mass. 783, 787 (1995). Portions of the defendant's appellate argument appear to be rooted in his own testimony at the hearing. While we find evidentiary support for the judge's findings of fact and accordingly accept them, we will nonetheless address the defendant's argument as he would not have met his burden of proving special circumstances regardless.