The defendant appeals from the denial of his motion to withdraw his plea without a hearing.[2] He raises two arguments on appeal. First, he argues that his motion raised a substantial issue of ineffective assistance of plea counsel such that it should not have been denied without an evidentiary hearing. Second, he argues that there is a reasonable probability that a reasonable person in his circumstances would have gone to trial had plea counsel given constitutionally effective advice concerning the immigration consequences of a plea. We affirm.
We treat a motion to withdraw a plea the same as we would a motion for new trial, reviewing "whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting from Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). "Particular deference is to be paid to the rulings of a motion judge who [,as here,] served as the [plea] judge." Id. at 6, quoting from Commonwealth v. Scott, 467 Mass. 336, 344 (2014). "A judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing.' " Sylvester, supra, quoting from Scott, supra. A defendant who claims ineffective assistance of counsel must establish that (1) the "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and, (2) as a result, the defendant was deprived "of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The defendant argues plea counsel was ineffective because counsel did not advise him that his plea could affect his future ability to seek discretionary relief from deportation. At the outset, we note two important facts. First, this is not a case where plea counsel gave no immigration advice at all or where the immigration consequences were clear. Contrast Padilla v. Kentucky, 559 U.S. 356 (2010). Instead, plea counsel averred that, although he had no specific recollection of the defendant's case, it was his practice at the time to read the entire immigration warning from the plea form to his clients.[3] Second, at the time of his plea in 2001, the defendant was not entitled to discretionary relief under 8 U.S.C. § 1229b(b) (2012), about which relief, he now contends (fifteen years later), he was not advised. To qualify for discretionary relief under 8 U.S.C. § 1229b(b), a person must "establish that: (1) he has been physically present in the United States for a continuous period of not less than ten years; (2) he has not been convicted of certain enumerated crimes; ... (3) his removal would result in exceptional and extremely unusual hardship to a qualifying family member[,]" and (4) he has "'been a person of good moral character' during the ten years immediately preceding his application." Da Silva Neto v. Holder, 680 F.3d 25, 28, 28 & n.4 (1st Cir. 2012), quoting from 8 U.S.C. § 1229b(b)(1)(B).[4] At the time of his plea, the defendant did not meet these requirements. He had been in the United States only two years. And he does not contend, let alone show, that his removal from the country in 2001 would have resulted in an extremely unusual hardship to a qualifying family member.
Even were we to accept the defendant's proposition that plea counsel had an obligation to give immigration advice concerning a discretionary defense to deportation to which the defendant was not then entitled and for which he may or may not have qualified in the future, the defendant failed to show that (1) there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," and (2) "a decision to reject the plea bargain would have been rational under the circumstances." Commonwealth v. Mercado, 474 Mass. 80, 83 (2016), quoting from Commonwealth v. Clarke, 460 Mass. 30, 47 (2011). "To prove the latter proposition, the defendant bears the substantial burden of showing that (1) he had an 'available, substantial ground of defence' that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Clarke, supra at 47-48 (quotation and footnote omitted). The judge concluded that the defendant had failed to meet his burden, a conclusion that was well within her discretion.
First, although the defendant contends he had a substantial ground of defense to the malicious destruction of property charge[5] because he was too intoxicated to form the requisite intent, the sole evidence of the defendant's intoxication was his own affidavit, which the judge was free to "reject as not credible," as she implicitly did here. Commonwealth v. Grant, 426 Mass. 667, 673 (1998).
Next, the judge could conclude (as she did) that a different plea bargain could not have been negotiated at the time. The only more favorable disposition the defendant could have received was a dismissal and, given that the Commonwealth was seeking a guilty finding, the judge was entitled to find it is unlikely the Commonwealth would have agreed to dismiss the charges. "Most importantly, no one was in a better position than the motion judge, who was also the plea judge, to know [a different disposition was not possible]." Commonwealth v. Lastowski, 478 Mass. 572, 577 (2018).
Finally, as the judge found, the defendant failed to prove any special circumstances existed at the time of the plea. At that time, the defendant had been in the country for only two years and lived with his girl friend. Contrast Commonwealth v. DeJesus, 468 Mass. 174, 184 (2014) (special circumstances existed where a defendant "had been in the country since he was eleven years old, his family was in Boston, and he had maintained steady employment in the Boston area"); Commonwealth v. Lavrinenko, 473 Mass. at 57 (defendant's status as a refugee is a special circumstance).
For the reasons set forth above, we conclude that the motion judge did not abuse her discretion in denying the motion.[6]
Order denying motion to vacate plea affirmed.

The defendant styled his motion as one to vacate his conviction, but it is more accurate to characterize it as a motion to withdraw his plea; that is accordingly how we refer to it in this decision. In 2001, the defendant was charged with disturbing the peace, G. L. c. 272, § 53, and malicious destruction of property over $250, G. L. c. 266, § 127. He pleaded to sufficient facts, and the charges were continued without a finding for one year with unsupervised probation, at the conclusion of which they were dismissed.

The specific language was, "I understand that if I am not a citizen of the United States, the acceptance by this court of my plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization ...." We recognize that the attorney's obligation to advise his client is distinct from that of the judge, and we do not mean to imply that reading the plea form alone is sufficient to satisfy the attorney's obligation.

"The applicant cannot demonstrate good moral character if he was convicted of a [crime involving moral turpitude] during that ten-year period." Da Silva Neto, supra at 28. The Court of Appeals for the First Circuit has determined that the crime of malicious destruction of property over $250 is a crime involving moral turpitude. Id. at 33.

The defendant makes no argument regarding an available defense to the charge of disturbing the peace.

The defendant also argues that it was error for the motion judge to adopt the Commonwealth's proposed findings of fact and rulings of law verbatim. Although, as we have often stated, it is better practice not to adopt wholesale proposed findings and analysis offered by a party, it is not necessarily error to do so. Here, the motion judge also was the plea judge, and her findings were fully supported by the record.