The defendant, Francisco Portillo, appeals from the denial of his motion for a new trial in District Court. In his motion he sought to withdraw his 2008 admission to sufficient facts based on a claim that plea counsel failed to advise him of the immigration consequences of his plea. See generally Padilla v. Kentucky, 559 U.S. 356 (2010). We affirm.
Background. On July 23, 2008, the defendant admitted to sufficient facts with respect to a three-count criminal complaint charging open and gross lewdness, possession of a Class B substance, and possession of a Class D substance. The plea judge accepted the plea and continued the case without a finding for eighteen months. The complaint was ultimately dismissed on January 25, 2010.
More than six years later, in July, 2016, the defendant filed a motion for a new trial alleging that plea counsel had rendered ineffective assistance by failing to explain that his admission to sufficient facts would subject him to mandatory removal from the United States. After an evidentiary hearing, the motion judge (who was not the plea judge) denied the motion with the following margin endorsement: "After hearing, and based upon the testimony at the hearing and the submissions in writing of the parties, motion DENIED."
Discussion. As a threshold matter, we address the defendant's contention that he is entitled to reversal because the motion judge did not prepare written findings of fact. He correctly observes that under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "[t]he judge must make findings of fact necessary to resolve the defendant's allegations of error of law in a motion for a new trial." Commonwealth v. Torres, 469 Mass. 398, 403 (2014). However, "[a] judge's failure to make findings required by rule 30(b) is 'not fatal ... where the ultimate conclusion is clearly evident from the record,' Commonwealth v. Lanoue, 392 Mass. 583, 586 n.2 (1984), or where we are satisfied that 'on review of the whole case manifest injustice would [not] result,' Commonwealth v. Preston, 393 Mass. 318, 322 n.4 (1984)." Ibid. See Commonwealth v. Tirrell, 382 Mass. 502, 510 n.10 (1981) ("Although failure to make specific findings appears to contravene [ rule] 30 [b], remand is unnecessary in this case. The record as a whole supports the judge's conclusion").
As presented to the motion judge, the defendant's claim boiled down to two issues: whether the defendant had shown that counsel failed to give him adequate advice with respect to the immigration consequences of his plea, and whether he would have placed particular emphasis on those consequences in deciding whether to admit to sufficient facts. To be entitled to relief, the defendant needed to prevail on both of these issues. See Commonwealth v. Henry, 88 Mass. App. Ct. 446, 452 (2015) ; Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017). The judge's ruling, "based upon the testimony at the hearing," where the defendant was the only witness, necessarily implies that the judge determined that the defendant had failed to carry his burden with respect to one or both of these issues.[2] Accordingly, we consider whether the record supports the judge's conclusion, and "whether the judge abused [her] discretion or committed a significant error of law" in denying the motion. Commonwealth v. Cotto, 471 Mass. 97, 105 (2015).
Performance prong. To prevail on the performance prong of his ineffective assistance claim, the defendant was required to demonstrate that plea counsel failed to inform him, "in language that the client could comprehend," of the dire consequences of his plea. Commonwealth v. DeJesus, 468 Mass. 174, 181 (2014). See Henry, supra at 454. In this regard, the only evidence the defendant presented was his own affidavit, in which he averred that his attorney "knew I was a green card holder but never told me that I could be automatically deported by admitting to sufficient facts and getting a continuance without a finding."[3] During cross-examination, the defendant stated that he did not remember his conversations with police officers at the time of his arrest and did not remember admitting anything during plea proceedings.
Based on the paucity of the evidence concerning the advice that plea counsel gave, or did not give, as well as the defendant's inability to recall the events surrounding his admission to sufficient facts, the motion judge would have been warranted in finding that the defendant had failed to meet his burden of proving that plea counsel gave him deficient advice concerning the immigration consequences of the plea.
Prejudice prong. Even if plea counsel had failed to explain the consequences of the defendant's plea, "[a] showing that plea counsel's advice was constitutionally deficient does not alone entitle the defendant to relief, however; the defendant must also demonstrate prejudice." Commonwealth v. Cano, 87 Mass. App. Ct. 238, 246 (2015). In the context of a Padilla claim, "[t]he defendant has three avenues for satisfying this requirement." Henry, supra at 455. He can show (1) that he had a viable defense to the charges, (2) a reasonable probability of negotiating a plea bargain that would not have exposed him to immigration consequences, or (3) "the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Ibid., quoting from Commonwealth v. Clarke, 460 Mass. 30, 47-48 (2011). At the motion hearing, as on appeal, the defendant pressed only a special circumstances argument.
To demonstrate special circumstances, the defendant stated in his affidavit (dated December 15, 2015) that he came to the United States from El Salvador in 1997, that he had been a lawful permanent resident since 2006, and that his mother is a United States citizen and his father is a lawful permanent resident. He testified that he had a seven year old child in 2008. In argument, motion counsel represented (without any evidentiary support) that the child is still here and that the defendant currently has a "United States citizen girlfriend," who was his girl friend at the time of the plea, and that "they are now engaged."
The defendant offered only generalizations about his family's immigration and citizenship status in December, 2015. He offered almost no evidence concerning the calculus he confronted when he decided to admit to sufficient facts in 2008. See DeJesus, supra at 184 (noting that in assessing plea offer, "a noncitizen defendant confronts a very different calculus than that confronting a United States citizen"). The motion judge was warranted in concluding that the defendant failed to show that in 2008 he would have placed particular emphasis on immigration consequences.
At the time of the hearing on the defendant's motion, the showing required to prevail on a Padilla claim was well established. Nonetheless, the defendant's proof on both aspects of his claim was insubstantial. We discern no abuse of discretion in the judge's denial of the motion.
Order denying motion for a new trial affirmed.

This case is unlike Commonwealth v. Mercado, 474 Mass. 80, 82-83 (2016), where, in the absence of findings, the appellate court could not be certain whether the judge had denied the motion for a new trial on the merits based on credibility assessments or based on the erroneous legal conclusion that Padilla did not apply retroactively to the defendant's guilty plea.

The defendant did not produce an affidavit of plea counsel, the absence of which, "without an explanation why such an affidavit could not be obtained[,] is a negative factor" in assessing his claim. Lys, 91 Mass. App. Ct. at 722. At the time of the motion hearing, plea counsel had been suspended from the practice of law. The defendant's motion counsel represented that he was unable to reach plea counsel because his telephone had been disconnected. We need not decide whether this was an adequate explanation, as the motion judge's conclusion is well supported even without weighing this factor against the defendant.