In November of 1996, the defendant pleaded guilty to various drug and other offenses, including receiving a stolen motor vehicle. Before us now is the defendant's appeal from the denial of his seventh motion under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), to withdraw his guilty pleas and for a new trial. He also appeals from the denial of his motion for reconsideration. In the rule 30 (b) motion, the defendant claims that he received ineffective assistance of plea counsel, and that his pleas were not knowing and voluntary, because counsel failed to advise him of the immigration consequences of the pleas.[4]
The motion judge determined that direct estoppel bars the defendant's claim. It is true that the defendant raised the same or similar claim in his first three rule 30 (b) motions. But those motions were all filed and decided in the late 1990s, before the United States Supreme Court's landmark decision in Padilla v. Kentucky, 559 U.S. 356 (2010). "[A]n intervening change in the applicable law" permits us to apply a "discretionary exception" to the law of direct estoppel. Commonwealth v. Williams, 431 Mass. 71, 76 (2000). In light of the intervening decision in Padilla, we conclude that the defendant's first three rule 30 (b) motions do not bar his current claim. See Mass. R. Crim. P. 30 (b) ("The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done").
The defendant expressly relied on Padilla in his fourth rule 30 (b) motion, filed in 2011 through counsel. Had the judge decided that motion on its merits, we might agree with the Commonwealth that direct estoppel bars the defendant's current claim. But the judge did not issue written findings, and we think the fairest reading of the hearing transcript is that he denied the motion based on direct estoppel. Thus, based on the record before us, we cannot be certain that the Padilla issue was actually litigated in conjunction with the fourth motion.
The Commonwealth notes that, while the defendant appealed the denial of his fourth motion, he did not pursue on appeal "any argument concerning his counsel's performance with respect to immigration warnings." Commonwealth v. Dias, 83 Mass. App. Ct. 1124 (2013). The defendant then once again raised his ineffective assistance claim, but without citing Padilla, in his fifth and sixth rule 30 (b) motions, both filed in 2013. On his appeal of the denial of those motions, a panel of this court concluded that direct estoppel applied to his claim. See Commonwealth v. Dias, 87 Mass. App. Ct. 1106 (2015).
Based on this procedural history, the Commonwealth contends that the defendant waived any claim under Padilla by not raising it at the earliest opportunity. We disagree. In Commonwealth v. Clarke, 460 Mass. 30, 49 (2011), the Supreme Judicial Court held that Padilla applied retroactively "to convictions obtained on or after April 1, 1997." See Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013) (affirming retroactivity holding of Clarke ). Because the defendant pleaded guilty in November of 1996, under Clarke and Sylvain, Padilla would not have applied retroactively to his convictions. Padilla was therefore not available to the defendant when he litigated his fourth, fifth, and sixth motions. In Commonwealth v. Mercado, 474 Mass. 80, 81-82 (2016), however, the Supreme Judicial Court clarified Clarke and Sylvain, holding that Padilla's retroactivity date extends back to April 24, 1996. The defendant's current motion, filed in 2017, was therefore the first reasonable opportunity he had to raise his Padilla claim. See Mercado, 474 Mass. at 83 ("Commonwealth[ ] understandabl[y] argu[ed] that the holding in Sylvain was retroactive only to convictions accruing after April 1, 1997, a ruling we have now clarified"). See also Mass. R. Crim. P. 30 (c) (2) (ground for relief not waived if it "could not reasonably have been raised in the [prior] motion").
The defendant's affidavit makes a sufficient showing to entitle him to have his rule 30 (b) motion considered on its merits. See Sylvain, 466 Mass. at 439. We therefore vacate the order entered July 31, 2017, denying the motion, and the order entered August 30, 2017, denying the motion for reconsideration, and remand for further proceedings consistent with this memorandum and order.
So ordered.
Vacated and remanded.

The defendant was deported to Portugal after he finished serving his sentences; it appears that this occurred in or around 1999.