NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11896

COMMONWEALTH  vs.  KEMPESS SYLVAIN.


Suffolk.     November 5, 2015. - March 14, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Alien.  Practice, Criminal, Plea, Judicial discretion,
     Affidavit.



Complaint received and sworn to in the Dorchester Division
of the Boston Municipal Court Department on April 17, 2007.

Following review by this court, 466 Mass. 422 (2013),
further proceedings on a motion to vacate, filed on January 12,
2012, were had before James W. Coffey, J.

The Supreme Judicial Court granted an application for
direct appellate review.


Cailin M. Campbell, Assistant District Attorney, for the
Commonwealth.
Laura Mannion Banwarth (Wendy S. Wayne, Committee for
Public Counsel Services, with her) for the defendant.


DUFFLY, J.  Relying on advice from his attorney that a plea

agreement would not result in his deportation, the defendant,

who is not a citizen of the United States, pleaded guilty to one

count of possession of cocaine.[1] The attorney's advice was incorrect, and Federal authorities eventually placed the defendant in a removal proceeding. The defendant moved to vacate his guilty plea pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), claiming ineffective assistance of counsel. That motion was denied, and we granted the defendant's motion for direct appellate review.

We concluded in Commonwealth v. Sylvain, 466 Mass. 422, 423-425 (2013) (Sylvain I), that the defendant received ineffective assistance from his plea counsel when counsel provided erroneous advice that the defendant would not be subject to deportation if he received a suspended sentence of less than one year in connection with a guilty plea to possession of cocaine. In our decision in Sylvain I, we noted that "[a]lthough the defendant's affidavit [in support of the motion to vacate was] highly suggestive that he would have elected to go to trial but for his attorney's erroneous advice,"

---

[1] The defendant was charged with one count of possession of cocaine with the intent to distribute, G. L. c. 94C, § 32A (a), and one count of a drug violation in a school zone. G. L. c. 94C, § 32J. He filed a motion to suppress, which was not heard because the parties reached a plea agreement before the scheduled hearing. As part of the agreement, the defendant pleaded guilty to possession of cocaine and the Commonwealth agreed to recommend the dismissal of the distribution and school zone charges. The judge sentenced the defendant to eleven months in a house of correction, suspended for two years, in accordance with the parties' agreement. The defendant successfully completed his term of probation.

we could not make such a determination in the absence of additional findings and credibility determinations.  Id. at 439.  We therefore remanded the matter to the Boston Municipal Court "with instructions to provide findings relating to the issue of prejudice and, if necessary, to hold an additional evidentiary hearing."  Id.

On remand, the matter went before the judge who had accepted the defendant's guilty plea, and who earlier had denied his motion to vacate that plea.  The judge found, based primarily on the affidavits of the defendant and his plea counsel, that "the defendant placed particular emphasis on the immigration consequences."  The judge stated that the affidavits were supported by the fact that the defendant had agreed to a disposition of eleven months' incarceration, suspended for two years, indicating to the judge that deportation was a "live issue" for the defendant at the time of the plea.  The Commonwealth appealed, and we allowed the defendant's second application for direct appellate review.

The Commonwealth now contends that the judge erred in allowing the defendant's motion to vacate his guilty plea because the defendant failed to establish that he suffered prejudice as a result of his counsel's ineffective representation.  The Commonwealth asserts also that the judge abused his discretion by relying primarily on the affidavits in

allowing the defendant's motion. Because the affidavits, which properly were considered by the judge, provide a sufficient basis on which to conclude that there was "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial" (citation omitted), see Commonwealth v. Clarke, 460 Mass. 30, 47 (2011) (Clarke), we affirm the allowance of the motion to vacate.

Background. In the wake of our decision in Sylvain I, the defendant filed a motion seeking an emergency evidentiary hearing. At an emergency hearing on November 13, 2013, defense counsel called one witness, the mother of the defendant's son, and submitted affidavits from members of his family and a supplemental affidavit from plea counsel. The defendant also relied on his own previously submitted affidavit and that of his plea counsel. The Commonwealth objected to the submission in evidence of affidavits made by family members who were testifying, and argued that the only probative witness the judge needed to hear from was the defendant. Neither the defendant nor plea counsel was present at the hearing. Defense counsel informed the judge that the defendant was in the custody of Immigration and Customs Enforcement (ICE) officials in Plymouth, and waived his presence. The Commonwealth called no witnesses and submitted no affidavits in opposition to the motion for a

new trial.[2]  See Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001) ("parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions").

As set forth in the judge's findings of fact, which are not disputed by the Commonwealth, the defendant, a lawful permanent resident of the United States, is a citizen of Haiti who came to the United States with his family in 1996, when he was seventeen years old.  He is a high school graduate of the Boston public school system and has held various jobs in Massachusetts over the last several years.  His mother, three sisters, his son, and the mother of his son are all United States citizens.  In an affidavit submitted in support for his motion for a new trial, the defendant averred, "I would not have agreed to plead guilty to something that would surely result in my deportation from the country I have lived in for the past [fifteen] years. . . . This is my home; all of my immediate family lives here, along with my [six] year old son and my girlfriend of [eleven] and a half years. . . .  I understand that by pleading guilty I got a 'deal,' . . . however, it's not a 'deal' if it results in me being deported from my home and my family."

---

[2] Responding to defense counsel's waiver of the defendant's presence in court, the prosecutor stated that if the judge intended to rely on the defendant's affidavit, "the Commonwealth would need an opportunity to be able to cross-examine him."

The judge allowed the defendant's motion for a new trial and issued a written decision explaining his reasoning. The Commonwealth filed a motion to reconsider, contending that the judge improperly relied on the affidavits of plea counsel and the defendant as evidence. The judge offered to conduct a further evidentiary hearing at which the Commonwealth would be permitted to cross-examine witnesses, including plea counsel.[3] The Commonwealth rejected this suggestion on the asserted basis that it was not the Commonwealth's burden to call witnesses. The judge then denied the Commonwealth's motion to reconsider, and the Commonwealth appealed from that order and the order allowing the defendant's motion for a new trial.

Discussion. 1. Standard of review. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) . . . ." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014), citing Commonwealth v. Furr, 454 Mass. 101, 106 (2009). We review "the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986). To the extent that a motion judge was in a

_____

[3] We think that the judge took the appropriate course of action by providing the Commonwealth with the opportunity to challenge the factual assertions contained in the affidavits. The Commonwealth, however, chose not to do so, and thus waived any argument on this ground.

better position to evaluate the credibility of the affiants, we will defer to the judge's assessment of the "credibility, weight, and impact of the affidavits" submitted in support of a motion to withdraw a guilty plea. See Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). We grant "substantial deference" to a decision on a motion brought pursuant to Mass. R. Civ. P. 30 (b) "when the judge passing on the motion is the same judge who heard the plea." Commonwealth v. Grant, 426 Mass. 667, 672 (1998), S.C., 440 Mass. 1001 (2003). Contrast Commonwealth v. Grace, supra ("When, as here, the motion judge did not preside at trial, we defer to that judge's assessment of the credibility of witnesses at the hearing on the new trial motion, but we regard ourselves in as good a position as the motion judge to assess the trial record").

2. Claim of abuse of discretion. As we concluded when this case was before us in 2013, counsel was ineffective in giving erroneous advice to the noncitizen defendant regarding the immigration consequences of his guilty plea. See Sylvain I, supra at 438. Therefore, the sole question before us is whether the judge abused his discretion in concluding that the defendant suffered prejudice as a result of counsel's erroneous advice.

The judge's conclusions of law reflect that he correctly understood that, in order to satisfy the prejudice requirement in these circumstances, "the defendant has the burden of

establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" See Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). A defendant may make this showing by demonstrating that "(1) he had an available, substantial ground of defense . . . that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty" (footnote omitted). Clarke, supra at 47-48, quoting Hill, supra.

The judge found that the defendant did not have an available ground of defense and could not have negotiated a better plea agreement. But he found that the defendant had met his burden by establishing the presence of "special circumstances."[4] The judge gave "significant weight" to plea

---

[4] The Commonwealth's argument that, even if the defendant establishes the presence of special circumstances, the decision to allow the motion for a new trial was nevertheless an abuse of discretion because the defendant did not also establish that he had a viable defense is unavailing; it disregards the standard set forth in Commonwealth v. Clarke, 460 Mass. 30, 47-48 (2011)

counsel's affidavits, in which the counsel stated (as summarized by the judge) that "during the time of the plea, the defendant's major concern was to avoid deportation."[5]  The judge found this statement was "supported by the defendant's own affidavit."  In that affidavit, the defendant averred that all of his family lived in the United States, including his mother, father, three sisters, the mother of his son, and his son, and that he would not have agreed to accept the plea "deal" if he knew it would have resulted in "being deported from my home and my family."  He said further, "I would have taken my chances at trial, knowing full well that if I was found guilty at trial I would be sentenced to committed time and then deported afterward; at least I would have had a chance at staying in the country."  Relying on these affidavits, the judge found "that the defendant

---

(Clarke), that the presence of special circumstances alone may be sufficient to meet the defendant's burden.  The judge properly considered the presence of special circumstances in this case, to which he could give "substantial weight in determining, based on the totality of the circumstances, whether there is a reasonable probability that the defendant would have rejected the plea offer and insisted on going to trial."  See Commonwealth v. Lavrinenko, 473 Mass. 42, 43 (2015).

[5] During the 2013 hearing on the defendant's emergency motion for a new trial, the judge stated that he credited plea counsel's affidavits because counsel was a "veteran lawyer" who appeared before the court "all the time."

placed particular emphasis on the immigration consequence during the plea."[6]

Clearly, a judge is not required to credit statements in a defendant's affidavit that he placed special emphasis on immigration consequences because of his circumstances; a judge could find those statements to be "merely self-serving." Sylvain I, supra at 439.  In this case, however, the judge looked to the two affidavits in order to evaluate the credibility of the defendant's assertions that he placed a particular emphasis on avoiding immigration consequences.  As the judge explained, according to the affidavits of plea counsel and the defendant, "the defendant was advised that if the sentence was less than one year, that he would not be deported. This is supported not only by the affidavits but by the sentence itself, eleven months suspended for two years.  The sentence provides insight to the court that it was a 'live' issue at the time and the defendant thought it would be safe to plead guilty."  Thus, the judge was able to conclude, without having

---

[6] "[A] determination whether it would be rational for a defendant to reject a plea offer 'must take into account the particular circumstances informing the defendant's desire to remain in the United States.'" Commonwealth v. DeJesus, 468 Mass. 174, 184 (2014), quoting People v. Picca, 97 A.D.3d 170, 183-184 (N.Y. 2012).  Although the judge's decision reflects that he gave "minimal weight" to affidavits from the defendant's family attesting to the defendant's reasons for seeking to avoid deportation to Haiti, he nonetheless appears to have taken those circumstances into account.

to test the defendant's statements through cross-examination and personal observation of his demeanor, that the statements were supported by the context in which the defendant had pleaded guilty and by his counsel's affidavit.

Based on the above, the judge determined that, here, the defendant had established "the presence of 'special circumstances'" showing that he "placed . . . particular emphasis on immigration consequences in deciding whether to plead guilty."  Commonwealth v. DeJesus, 468 Mass. at 183, quoting Clarke, 460 Mass. at 47-48, and that the defendant's expressed concern about being deported was not a mere pretext for seeking a new trial.[7]

In many circumstances, a defendant, as a result of counsel's ineffectiveness in failing to warn about the immigration consequences of a guilty plea, is deprived of the opportunity to evaluate the risks of going to trial against the possible immigration consequences that may arise from a guilty

---

[7] We note that the defendant established that he indeed had considered the immigration consequences of a guilty plea before pleading guilty, and therefore that he had "placed" emphasis on his immigration consequences before making the decision to accept the plea.  See Clarke, 460 Mass. at 47-48.  This inquiry is somewhat different from the circumstance in which a defendant is unaware that he faces immigration consequences because his counsel failed properly to advise him of them.  In those types of cases, the presence of special circumstances must be shown in order to support a conclusion that a defendant "would have placed" emphasis on such consequences, had he been advised of them.  Id. at 47.

plea.  In those cases, a judge may face a more difficult task in determining whether a defendant "would have placed . . . particular emphasis on the immigration consequences in deciding whether to plead guilty."  See Clarke, 460 Mass. at 47-48, quoting Hill, supra at 60.  Here, however, the judge found that the immigration consequence of a guilty plea was a "live" issue at the plea hearing, but the defendant was ill-advised by counsel.  The judge did not abuse his discretion in allowing the defendant's motion for a new trial.

3.  Reliance on affidavits.  As discussed supra, we conclude that the judge's decision properly relied on the affidavits submitted in support of the defendant's motion for a new trial.  We reject the Commonwealth's argument that the judge erred in allowing a new trial based solely on those affidavits. The rule of criminal procedure governing motions for postconviction relief, Mass R. Crim. P. 30 (c) (3), states explicitly that a "judge may rule on the issue or issues presented by such a motion on the basis of facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."  See Commonwealth v. Muniur M., 467 Mass. 1010, 1011 (2014) (whether to conduct evidentiary hearing requires consideration of "the seriousness of the issue raised and the adequacy of the showing on that issue").  See also Commonwealth v. Stewart, 383 Mass. at 257 ("the decision

whether to decide the motion on the basis of affidavits or to hear oral testimony . . . is left largely to the sound discretion of the judge"); Commonwealth v. Coggins, 324 Mass. 552, 557, cert. denied, 338 U.S. 881 (1949) ("In accordance with the practice in this Commonwealth motions for new trial in both civil and criminal cases ordinarily are heard on the facts as presented by affidavit").

At the evidentiary hearing in this case, the defendant called one witness and submitted several affidavits. As noted, the Commonwealth chose not to call any witnesses and submitted no affidavits in support of its position opposing the allowance of a new trial. See Mass. R. Crim. P. 30 (c) (3) ("parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions"). Following the hearing, the judge weighed all of the evidence before him, and based his decision on the affidavits of the defendant and his plea counsel, as well as on the context in which the defendant had pleaded guilty. It was not error for the judge to rely on the affidavits in granting the defendant's motion for a new trial, where, as here, those affidavits provide a sufficient factual basis to support the ruling. See Commonwealth v. Stewart, 383 Mass. at 259; Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 395 (2012) (evidentiary hearing may not be necessary "if the substantial issue raised is solely

a question of law, or if the facts are undisputed in the record").

                                    <u>Order vacating guilty plea and granting new trial affirmed</u>.