Having pleaded guilty to assault and battery by means of a dangerous weapon and assault and battery, the defendant, Dariel Perez,[3] appeals from the denial of his motion filed three years later to vacate his convictions. He claims ineffective assistance of counsel, relying on the holding of Padilla v. Kentucky, 559 U.S. 356 (2010).[4] We affirm.
Background. On April 17, 2012, the defendant was charged with assault and battery by means of a dangerous weapon and assault and battery arising out of the stabbing of his uncle. Attorney Paul K. Woods, Sr., was assigned to represent him. On July 18, 2012, the defendant entered a plea of guilty to both charges. Woods sought a continuation without a finding. The Commonwealth sought a suspended sentence with conditions. The judge sentenced the defendant to one year of probation with certain conditions.
In or about September of 2015, the defendant filed his motion to vacate the convictions. On September 15, 2016, an evidentiary hearing was conducted on the defendant's motion. Three witnesses testified: Woods; the defendant; and the victim of the stabbing, who testified in support of the defendant's motion. The motion judge, who was also the plea judge, found that Woods had been unable to learn from the defendant at the time of the plea what his immigration status was, and that Woods therefore "told [the defendant] that unless he was a legal United States citizen, he would, in fact, be deported if he ple[ade]d guilty to these charges."[5] The judge dictated his findings on the record and denied the motion.
Discussion. The defendant claims that he is entitled to a new trial, contending that plea counsel failed to properly advise him of the immigration consequences of his plea.
"A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016) (quotation omitted). "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
When a motion for a new trial is based on a claim of ineffective assistance of counsel, we must determine first "whether there has been serious incompetency, inefficiency, or inattention of counsel." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Under Padilla, constitutionally competent counsel "must inform [his] client whether his plea carries a risk of deportation." Padilla, 559 U.S. at 374. If the defendant can show deficient performance of counsel, he would then need to show that the consequences of the incompetency were prejudicial, such that there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Mahar, 442 Mass. 11, 15 (2004) (quotation omitted).
Here, the defendant failed to prove that plea counsel was deficient in his representation. The judge, who had also taken the plea, credited Woods's testimony[6] that he had informed the defendant of the immigration consequences of pleading guilty to the charges.[7] See Sylvain, 473 Mass. at 835 ("We grant 'substantial deference' to a decision on a motion brought pursuant to Mass. R. Civ. P. 30 [b] 'when the judge passing on the motion is the same judge who heard the plea' " [quotation omitted] ). "Having observed this testimony, the motion judge was in a position to make the credibility assessments necessary to a determination whether counsel's advice was deficient ...." Commonwealth v. Mercado, 474 Mass. 80, 83 (2016). He rejected the defendant's testimony and affidavit filed in support of his motion. This he was free to do. See Commonwealth v. Grant, 426 Mass. 667, 673 (1998).[8]
Accordingly, there was no error.
Order dated September 15, 2016, denying motion to vacate convictions affirmed.

The defendant is a lawful permanent resident from the Dominican Republic who is currently in deportation status. As a result of this plea, on March 18, 2013, the Department of Homeland Security issued the defendant a notice to appear in removal proceedings for committing a crime of moral turpitude within five years after his date of admission, pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) (2012).

The defendant also contended that his plea was not knowing and voluntary, but he abandons this claim on appeal.

The judge "fully credit[ed]" Woods's testimony. Woods testified he told the defendant that
"generally assault and battery is not an inadmissible or removable offense, however, if the offense is in any way domestic, which this was-this was a stabbing of his uncle who he lived with-it becomes a deportable offense. A crime of domestic violence may also be considered a crime of moral turpitude if there was serious bodily injury involved. It was in this case, his uncle had been stabbed twice with a knife. A conviction for a crime involving moral turpitude makes your client inadmissible, and I explained that to him.... And, in addition, if a person is convicted of assault and battery, domestic or not and receives a sentence of imprisonment, suspended or committed, for a year or more, the offense becomes an aggravated felony. An aggravated felony is a special class of deportable crimes that makes the client subject to nearly automatic deportation, permanent exile from the United States and is barred through almost every form of relief from deportation....
"[Assault and battery by means of a dangerous weapon is] included in there. Assault and battery dangerous weapon is the same thing, a crime of moral turpitude ...."
Woods explained that he therefore "advise[d] [the defendant] that he would be deported as a result of these convictions." Nonetheless, Woods testified, the defendant "still want[ed] to plead guilty.... He told [me] it wasn't a problem. He didn't have a problem with immigration. He understood, but it was not an issue for him and so, we went forward."

Woods testified that he "remember[ed] the case specifically" and that he "took the safe route" and told the defendant that "[i]f he were not a citizen of the United States, he would be deported for this type of crime".

The judge also indicated that while he himself did not remember the case, he reviewed his notes which showed that he gave a full extended colloquy, and he reviewed the so-called "green sheet."

As a result of the defendant's failure to prove deficient performance of counsel, we need not reach the issue of prejudice.