NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-876

COMMONWEALTH

vs.

JAVIER TORRES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant admitted in 1999 to sufficient facts to permit a finding of guilt with respect to a single charge of distribution of a class A substance, G. L. c. 94C § 32 (a).  The plea judge ordered that the charge be continued without a finding; as part of the agreed-on disposition between the Commonwealth and the defendant, the two other charges, including a school zone enhancement,[1] were dismissed.  Over twenty years later, in 2021, the defendant, claiming ineffective assistance of counsel, filed a motion to withdraw his admissions to facts, which was denied.[2]  In turn, the defendant filed a motion to

_____

[1] This charge requires a mandatory two-year term of commitment on conviction.  See G. L. c. 94C, § 32J.
[2] The defendant has had repeated interactions with the criminal justice system during the intervening period.  In 2005, he was convicted in Suffolk and Essex Superior Courts of four charges

reconsider, which was also denied.  He now appeals from the orders denying both motions.  On appeal, the defendant asserts that the motion judge erred in denying his motions because he received ineffective assistance of counsel when his trial counsel failed to advise him of the immigration consequences of his admissions, in violation of his Federal and State constitutional rights.  Discerning no error, we affirm.

Discussion.  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)," as appearing in 435 Mass. 1501 (2001).  Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).  We review the denial of such a motion for a significant error of law or other abuse of discretion.  See Sylvain, supra; Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 393-394 (2012).  To establish that he is entitled to a new trial, the defendant is required to show that (1) by not advising him of the immigration consequences he would face if convicted of distribution of a class A substance, his plea counsel's conduct fell below the standard of an ordinary, fallible lawyer, and (2) that shortcoming prejudiced him.  See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  See also Commonwealth v. Lavrinenko, 473 Mass. 42, 51-52 (2015)

_____

related to trafficking, distributing, and possessing controlled substances and was sentenced to State prison in both cases.

2

(ineffective assistance of counsel on immigration consequences of plea).

With respect to the first prong of the Saferian analysis, the motion judge briefly recited the defendant's argument and held that "[b]ased on a review of all the evidence, . . . [the] [a]ttorney's advice was ineffective." Neither party disputes that finding, and we agree with the motion judge that plea counsel's advice was ineffective. See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 723 (2012). The motion judge then addressed the second prong and determined that the defendant had not satisfied his burden to show that plea counsel's substandard conduct prejudiced him and, as stated, denied the motions. We therefore turn directly to the question of prejudice.

"In the context of a guilty plea, in order to satisfy the prejudice requirement, the defendant has the burden of establishing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (quotations omitted). Lavrinenko, 473 Mass. at 55, quoting Commonwealth v. Clarke, 460 Mass. 30, 47 (2011). To establish that reasonable probability, "[a]t a minimum, . . . the defendant must aver that to be the case." Lavrinenko, supra, quoting Clarke, supra. Having made such an assertion, "[the defendant] must [then] convince the court that a decision to reject the plea bargain would have been

3

rational under the circumstances" (quotation omitted).  DeJesus,

468 Mass. at 183, quoting Clarke, supra.

> "To prove that rejecting the plea would have been rational
> under the circumstances, the defendant bears the
> substantial burden of showing that (1) he [or she] had an
> available, substantial ground of defence, . . . that would
> have been pursued if he [or she] had been correctly advised
> of the dire immigration consequences attendant to accepting
> the plea bargain; (2) there is a reasonable probability
> that a different plea bargain (absent such consequences)
> could have been negotiated at the time; or (3) the presence
> of special circumstances that support the conclusion that
> he placed, or would have placed, particular emphasis on
> immigration consequences in deciding whether to plead
> guilty" (quotations omitted).

Lavrinenko, supra at 55-56, quoting Clarke, supra at 47-48.

We conclude that the motion judge did not abuse his

discretion by finding that the defendant had not carried this

substantial burden.  Although the defendant met the threshold

requirement by submitting an affidavit averring that he would

not have accepted the plea deal but for plea counsel's errors,

several factors suggest that rejection of the plea deal would

not have been rational in the circumstances.  See Clarke, 460

Mass. at 47-48.  Most significantly, the Commonwealth's evidence

against the defendant was overwhelming.  See id. at 48.  Two

undercover police detectives observed the defendant engage in a

narcotics transaction in plain view and recovered two glassine

packets filled with a white substance[3] from the purchaser

---

[3] The detectives believed this substance was heroin.

4

immediately thereafter.  Although the defendant argues that the twenty-foot distance between himself and the detectives at the time of the sale would have been enough to create reasonable doubt as to his guilt, we are not persuaded.[4]  Moreover, the record suggests that the school zone violation with which the defendant was charged was equally supported by the evidence. If, as is the case here, the likelihood of conviction was almost certain, rejecting a plea deal that allowed the defendant to avoid incarceration without exposing him to a greater risk of deportation than that inherent in his conviction of the same and other offenses after trial would not have been rational.  See Clarke, supra at 47-48.

The defendant argues that special circumstances existed that would have led him to reject a plea bargain had he been properly advised by plea counsel.[5]  To support this claim in the trial court, he offered a 2021 affidavit in which he cited his ties to the United States at the time of the plea, including his status as a permanent resident, employment, and the presence of his brother and sister in the country.  He further referenced

---

[4] The defendant also contends that the lack of additional evidence of drug distribution weakened the Commonwealth's case, but we are not convinced that additional evidence would have been necessary.

[5] The Commonwealth's strong case against the defendant effectively forecloses any argument pertaining to an available defense or alternative plea arrangement.  See Clarke, 460 Mass. at 47-48.

his marriage to a United States citizen, his home ownership here, and his adult children living in the United States but does not claim that those factors existed at the time of his plea in 1999.[6]  Without more, we cannot conclude that proceeding to trial in the face of a likely conviction and predictably more severe penalty would have been rational, and we accordingly discern no abuse of discretion in the motion judge's denial of the defendant's motion.  See Clarke, 460 Mass. at 47-48.

> Orders denying motions to withdraw admissions to facts and for reconsideration affirmed.
>
> By the Court (Green, C.J., Desmond & Hand, JJ.[7]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  October 3, 2023.

---

[6] Moreover, we note that the defendant came to the United States from the Dominican Republic as an adult and has not claimed any type of economic or persecutorial hardship associated with his life there.  See, e.g., Lavrinenko, 473 Mass. at 47-49.

[7] The panelists are listed in order of seniority.