NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-986

COMMONWEALTH

vs.

JULIUS JUUKO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Claiming that he received ineffective assistance of counsel in the prior proceedings, the defendant appeals from an order of the District Court denying his third motion for a new trial, in which he sought to withdraw his admission to sufficient facts of a violation of G. L. c. 90, § 24B.[1] We discern no abuse of discretion or error of law, and affirm.

To establish a basis for relief on a claim of ineffective assistance of counsel, the defendant must show that (1) his plea counsel's conduct fell below the standard of an ordinary, fallible lawyer, and (2) that shortcoming prejudiced him in some way. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

_____

[1] "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).

See also Commonwealth v. Lavrinenko, 473 Mass. 42, 51-52 (2015) (ineffective assistance of counsel on immigration consequences of plea).  In the present case, the defendant asserts that his plea counsel gave him inadequate advice concerning the immigration consequences of his admission to sufficient facts.  Passing the question whether counsel's advice was inadequate, we agree with the motion judge that the defendant has not established that he was prejudiced by any shortcoming of counsel.

"In the context of a guilty plea,[2] in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Lavrinenko, 473 Mass. at 55, quoting Commonwealth v. Clarke, 460 Mass. 30, 47 (2011).  To establish that reasonable probability, "[a]t a minimum, . . . the defendant must aver that to be the case."  Lavrinenko, supra, quoting Clarke, supra.  Having made such an assertion, "[the defendant] must [then] convince the court that a decision to reject the plea bargain would have been rational under the circumstances" (quotation omitted).  Commonwealth v. DeJesus,

_____

[2] An admission to sufficient facts is considered the equivalent of a guilty plea for these purposes.  See Commonwealth v. Villalobos, 437 Mass. 797, 800 (2002).

468 Mass. 174, 183 (2014), quoting Clarke, supra. "To prove that rejecting the plea would have been rational under the circumstances, 'the defendant bears the substantial burden of showing that (1) he [or she] had an available, substantial ground of defence, . . . that would have been pursued if he [or she] had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of special circumstances that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty'" (quotations and footnote omitted). Lavrinenko, supra at 55-56, quoting Clarke, supra at 47-48.

In the present case, the evidence against the defendant was overwhelming; indeed, the defendant admitted to police that he paid for and used a fraudulent identification card in order to obtain a job at a pharmacy. The defendant likewise made no showing that a different plea bargain could have been negotiated. In fact, at the plea hearing, the Commonwealth pressed for a more severe sentence than the defendant ultimately received. We are, therefore, left with the question of "special circumstances." Though the defendant has developed strong ties to the United States, he also has significant continuing ties to

3

his home country; indeed, he traveled back to Uganda for business after entry of his admission to sufficient facts, despite advice from his immigration counsel that he not do so. Moreover, in light of the strength of the Commonwealth's case, rejecting the plea would merely have deferred the consequences he now faces.  Absent any realistic prospect of acquittal, it would not have been rational for him to reject the plea and proceed to trial.  The defendant accordingly has not satisfied the prejudice prong of the Saferian standard, and the motion judge did not err in denying his motion for a new trial.

Order denying motion for a
   new trial affirmed.

By the Court (Green, C.J.,
   Desmond & Hodgens, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  October 4, 2023.

---

[3] The panelists are listed in order of seniority.

4