NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-468

COMMONWEALTH

vs.

CHRISTIAN D. BARRETO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury found the defendant guilty of one count of indecent assault and battery on a child under the age of fourteen.[1]  Following his direct appeal, a panel of this court affirmed the defendant's conviction.  See Commonwealth v. Barreto, 95 Mass. App. Ct. 1112 (2019).  Thereafter, the defendant filed a motion for a new trial, claiming, inter alia, that his trial counsel was constitutionally ineffective.  The motion judge, who was also the trial judge, denied the motion. The defendant appealed.  We affirm.

---

[1] The defendant was acquitted on a separate count of the same charge.

Discussion.  We review a judge's ruling on a motion for a new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015).  When the basis for the motion for a new trial is a claim of ineffective assistance of counsel, "the defendant must show that the behavior of counsel fell measurably below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'"  Commonwealth v. Prado, 94 Mass. App. Ct. 253, 255 (2018), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

When the basis of a claim for ineffective assistance is a strategic choice by counsel, the defendant must demonstrate that the "strategic choice was 'manifestly unreasonable.'" Commonwealth v. Hudson, 446 Mass. 709, 716 (2006).  Moreover, "[i]n cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful."  Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting Commonwealth v. Valentin, 470 Mass. 186, 190 (2014).

2

"On review, '[a] judge's findings of fact after an evidentiary hearing on a motion for a new trial will be accepted if supported by the record.'" Kolenovic, 471 Mass. at 672, quoting Commonwealth v. Walker, 443 Mass. 213, 224 (2005). We grant "special deference to the rulings of a motion judge who was also the trial judge." Commonwealth v. Alcide, 472 Mass. 150, 158 (2015), quoting Commonwealth v. Forte, 469 Mass. 469, 488 (2014).

On appeal, the defendant argues that trial counsel was constitutionally ineffective for three reasons, and we address each in turn. First, he contends that counsel failed to object to impermissible portions of the first complaint testimony offered at trial. See Commonwealth v. King, 445 Mass. 217, 242-243 (2005), cert. denied, 546 U.S. 1216 (2006) (describing first complaint doctrine). During the trial, the victim's mother testified as the first complaint witness and described the circumstances under which the victim informed her that she had been assaulted by the defendant. The witness testified that, in 2011, her daughter told her that she no longer wanted to go to the defendant's home. When she asked why, the victim told her that the defendant reached under her shirt while he was tickling her. When asked by the prosecutor what she did in response to receiving that information, the witness further testified that she felt upset by this information, trusted the victim, stopped

3

sending the victim to the defendant's house, and resolved to confront the defendant about what had happened.

We are unpersuaded that trial counsel's decision not to object to this testimony was manifestly unreasonable. As the defendant concedes, a central factor at trial was the credibility of the witnesses, as there was no physical evidence of the crime. After the witness testified about trusting her daughter and her strong feelings with respect to the abuse, the defendant's trial counsel proceeded to attempt to impeach the witness with questioning related to a trip to Brazil; the witness did not attend this trip, but did permit the victim to travel accompanied by the defendant and his family. This line of cross-examination emphasized the disparity between the witness's strong feelings of belief about the alleged assault and her willingness to allow the victim to travel with the defendant unescorted thereafter. Such an effort at impeachment represented a sound trial strategy, and we discern no error on the part of the judge in denying the motion for a new trial on this basis.[2] See Commonwealth v. McCoy, 456 Mass. 838, 853

---

[2] For the same reasons, trial counsel's decision not to object when the prosecutor emphasized the witness's emotional reaction to the complaint during her closing argument was not manifestly unreasonable. See Kolenovic, 471 Mass. at 676 ("we see no basis to fault counsel for elevating his concern for a viable legal defense over a possible alternative approach likely fraught with difficulty").

4

(2010) ("because the testimony of the witnesses inured to the defendant's benefit, it is reasonable to infer that defense counsel's failure to object was a tactical decision"). See also Hudson, 446 Mass. at 716.

Second, the defendant claims that trial counsel was ineffective for showing the jury a twenty-two minute recording of the victim's Sexual Assault Intervention Network (SAIN) interview. During the evidentiary hearing on the defendant's motion for a new trial, counsel testified and informed the judge that he played the video in order to highlight inconsistencies between the victim's presentation in the recording and her testimony and demeanor at trial. In his closing argument, trial counsel highlighted this contrast and suggested that the contrast should cause the jury to discredit the victim's allegations. Accordingly, we are unpersuaded that presenting the SAIN interview to the jury constituted ineffective assistance of counsel for much the same reasons as we have previously discussed. See McCoy, 456 Mass. at 853. Strategically making use of the SAIN interview in an effort to impeach the Commonwealth's primary witness was a reasonable trial strategy. As such, there was no error in the judge's rejection of the argument that such an approach was manifestly unreasonable. See Hudson, 446 Mass. at 716. A trial strategy

5

cannot be deemed manifestly unreasonable merely because it is unsuccessful.  See Kolenovic, 471 Mass. at 673.

Finally, the defendant claims that trial counsel was unreasonable for failing to object to testimony elicited by the Commonwealth that, subsequent to the victim's first disclosure made to her mother, she disclosed the abuse in greater detail to her mother and the wife of the defendant several years later. The defendant argues that trial counsel should have objected to the admission of this testimony because it fell outside the scope of the first complaint rule.  As we have discussed supra, however, where trial counsel sought to highlight contradictions between the various claims that the victim made to her mother at various points in time,[3] we cannot conclude that declining to object to testimony that helps accentuate that contrast was manifestly unreasonable.  See McCoy, 456 Mass. at 853.

Having concluded that the defendant's trial counsel was not ineffective for any of the reasons asserted, we need not reach

---

[3] During closing arguments, trial counsel suggested that "there may or may not have been horse playing around and that then morphed into five years later an accusation of inappropriate touching."

6

the merits of his claims with respect to whether such alleged errors caused him prejudice.[4,5]

Order denying motion for new trial affirmed.

By the Court (Meade, Blake & Desmond, JJ.[6]),

*Paul Little*

Clerk

Entered:   August 13, 2024.

---

[4] The defendant further raises an argument that the trial judge erred by failing to, sua sponte, give a limiting instruction to the jury prior to testimony by the victim describing the first complaint.  The facts supporting this argument were known to the defendant at the time of his direct appeal, and it is accordingly waived.  See Fogarty v. Commonwealth, 406 Mass. 103, 107 (1989).

[5] The defendant also alludes to ineffective assistance of counsel with respect to appellate counsel during his direct appeal because she failed to raise the issue of ineffective assistance at that time.  Appellate counsel testified at the evidentiary hearing for the defendant's motion for a new trial and explained that the defendant was deeply distraught at being incarcerated.  As a result, rather than suffer any further delay, the defendant insisted that she proceed with the appeal expeditiously, in lieu of taking the time to file a motion for a new trial grounded in a claim of ineffective assistance of counsel.  The judge credited her testimony, and we see no reason to overturn his decision on these grounds.

[6] The panelists are listed in order of seniority.

7