NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1307

COMMONWEALTH

vs.

RICARDO FIELDS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Ricardo Fields, appeals from an order denying his motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  On July 25, 2011, following a jury trial in Superior Court, the defendant was convicted of carrying a firearm without a license, G. L. c. 269, § 10 (a); carrying a loaded firearm without a license, G. L. c. 269, § 10 (n); and possession of ammunition without a firearm identification (FID) card, G. L. c. 269, § 10 (h).  The defendant waived his right to a jury trial with respect to the second and subsequent offense portion of the charge under G. L. c. 269, § 10 (a), and of being a level two armed career criminal in violation of G. L. c. 269, § 10G, and the judge found him

guilty as to both.  In 2015, a panel of this court affirmed the defendant's convictions in an unpublished memorandum and order, see Commonwealth v. Fields, 87 Mass. App. Ct. 1119 (2015), and the Supreme Judicial Court denied the defendant's application for further appellate review.  See 472 Mass. 1102 (2015).  In 2016, the defendant moved to correct his sentence, and his conviction of carrying a loaded firearm without a license was vacated by agreement.

On February 20, 2024, the defendant filed a motion to dismiss or, in the alternative, for a new trial as to his remaining firearms license-related convictions based on the Supreme Judicial Court's decisions in Commonwealth v. Guardado, 491 Mass. 666 (2023) (Guardado I), S.C., 493 Mass. 1 (2023) (Guardado II), cert. denied, 144 S. Ct. 2683 (2024).  The defendant now appeals from the motion judge's denial of that motion.

Pursuant to rule 30 (b), a judge may grant a new trial "if it appears that justice may not have been done."  "In reviewing the denial of a motion for new trial, we examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (quotation and citation omitted).  Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019).  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "Motions for a new trial are granted only in

2

extraordinary circumstances."  Commonwealth v. Comita, 441 Mass. 86, 93 (2004).

The defendant contends that the judge erred by not granting him a new trial under Guardado I.  In that decision, however, the Supreme Judicial Court expressly held that it does not apply retroactively to the defendant's convictions.

Prior to Guardado I, the possession of a license or FID card was an affirmative defense to a possessory firearms offense, not an element of those offenses.  Guardado I, 491 Mass. at 668, quoting Commonwealth v. Allen, 474 Mass. 162, 174 (2016).  A defendant charged with a possessory firearms offense needed to raise the defense of licensure prior to trial, and if a defendant failed to do so, the defense was unavailable. Commonwealth v. Humphries, 465 Mass. 762, 767 (2013), citing Commonwealth v. Gouse, 461 Mass. 787, 802-803, 806 (2012).

In New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 10 (2022), the United States Supreme Court held that "the Second and Fourteenth Amendments [to the United States Constitution] protect an individual's right to carry a handgun for self-defense outside the home."  Following Bruen, in Guardado I, the Supreme Judicial Court held that "[b]ecause possession of a firearm in public is constitutionally protected conduct, in order to convict a defendant of unlawful possession of a firearm, due process requires the Commonwealth prove beyond

3

a reasonable doubt that a defendant did not have a valid firearms license." Guardado I, 491 Mass. at 668. The court thus held that the absence of a license is "an essential element of the offense" that the Commonwealth must prove, not an affirmative defense that must be raised and proven by the defendant. Id. at 690.

The court further concluded that its ruling "should not be applied retroactively to convictions that became final prior to" the Supreme Court's decision in Bruen. Guardado I, 491 Mass. at 693. It explained that the retroactivity of a constitutional rule "turns on whether the rule is 'new' or 'old.'" Id., quoting Commonwealth v. Perry, 489 Mass. 436, 463 (2022). "A case 'announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" Guardado I, supra, quoting Commonwealth v. Bray, 407 Mass. 296, 301 (1990). Because the ruling in Guardado I was dictated by the decision in Bruen, the Supreme Judicial Court concluded that it would apply "prospectively and to those cases that were active or pending on direct review as of the date of the issuance of" Bruen. Guardado I, supra. In Guardado II, the Supreme Judicial Court reiterated that it was the "decision in Bruen" that "led this court to overturn its previous holdings and rule that absence of licensure is an essential element of the crimes" and that "the Commonwealth reasonably could not have

4

known we would reverse our holdings" prior to Bruen.  Guardado II, 493 Mass. at 7.

Because the defendant's convictions became final in 2015, before Bruen was issued in 2022, the judge concluded that the defendant is not entitled to retroactive application of the rule in Guardado I.  The defendant now contends that the judge erred by failing to recognize that it was actually the Supreme Court's decision in McDonald v. Chicago, 561 U.S. 742, 750 (2010), that announced a new rule requiring that the absence of a license be treated as an essential element of a firearms possession offense.  In District of Columbia v. Heller, 554 U.S. 570, 635 (2008), the Supreme Court held that the Second Amendment protects the right to possess an operable firearm in the home.  In McDonald, the Court held that this "Second Amendment right is fully applicable to the States."  561 U.S. at 750.

The defendant's contention fails for two reasons.  First, as discussed, it contravenes the Supreme Judicial Court's conclusion that its ruling "should not be applied retroactively to convictions that became final prior to" the Supreme Court's decision in Bruen.  Guardado I, 491 Mass. at 693.  Second, as the Supreme Judicial Court noted in Guardado I, see id. at 689, it had earlier rejected the argument that the imposition of the burden on the defendant to prove the absence of a license contravened McDonald and Heller.  See Gouse, 461 Mass. at 801

5

("Nothing in the McDonald and Heller decisions has altered or abrogated our jurisprudence regarding the elements of the crime of unlawful possession of a firearm or the allocation of the burdens of production and proof with respect to the affirmative defense of licensure"). The court had no reason to reconsider the allocation of burdens as to licensure until after the Supreme Court held in Bruen that the Second Amendment right to possess a firearm applies outside the home. See Bruen, 597 U.S. at 32-33. It was only after that decision that the Supreme Judicial Court determined that its earlier reasoning in Gouse was invalid and that "failure to obtain a license is a fact necessary to constitute the crime of unlawful possession of a firearm" and, accordingly, an element that had to be proved by the Commonwealth (quotation and citation omitted). Guardado I, 491 Mass. at 690.

The defendant also contends that he should benefit from the rule announced in Guardado I because his counsel argued at trial and on appeal that, under the Second Amendment, the Commonwealth should bear the burden of proving that the defendant lacked a license to carry his firearm. The defendant's preservation of the issue, however, does not bear on the retroactivity of the rule announced in Guardado I. The retroactivity of constitutional rules is governed by principles announced by the Supreme Court in Teague v. Lane, 489 U.S. 288, 307 (1989), and

adopted by the Supreme Judicial Court in Commonwealth v. Bray, 407 Mass. at 303.  As discussed, the initial inquiry under that framework is whether a rule is "new" or "old," Guardado I, 491 Mass. at 693; Perry, 489 Mass. at 463, and unless one of two narrow exceptions applies (and neither does here), a new rule applies only to defendants whose cases are pending on direct review.  Commonwealth v. Sylvain, 466 Mass. 422, 433 (2013), S.C., 473 Mass. 832 (2016).  Thus, in Teague, the Supreme Court declined to apply a new constitutional rule to a defendant whose conviction became final two years before Batson v. Kentucky, 476 U.S. 79 (1986), even though that defendant raised Batson-type challenges to the prosecutor's use of peremptory challenges at trial.  See Teague, 489 U.S. at 292-296.  The defendant's argument fails for the same reason here.

Order denying motion to
dismiss or for a new trial
affirmed.

By the Court (Vuono,
Desmond, & Toone, JJ.[1]),

Clerk

Entered:  October 10, 2025.

---

[1] The panelists are listed in order of seniority.

7