NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-451

COMMONWEALTH

vs.

EDGAR BELIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a motor vehicle stop in May of 2013, the defendant, Edgar Belis, was charged with several crimes, including conspiracy to violate drug laws, possession with intent to distribute a Class A substance (subsequent offense), and a drug violation in a school zone or park.  As part of a plea agreement, the defendant pleaded guilty in the Boston Municipal Court to conspiracy to violate drug laws and operating a motor vehicle with a suspended license, subsequent offense. The Commonwealth dismissed the possession with intent to distribute charge (subsequent offense) and the school zone charge (carrying a mandatory minimum sentence of two years).  On

an agreed upon recommendation of the parties, the judge sentenced him to concurrent terms of probation for two years.

Over eleven years later, in December of 2024, the defendant moved to withdraw his guilty plea, claiming that it was the result of ineffective assistance of counsel. After a nonevidentiary hearing, the same judge who accepted the defendant's guilty pleas in 2013 denied the motion.

On appeal, the defendant asserts that the judge abused his discretion in denying his motion. We affirm.

Background. 1. Arrest, plea, and conviction. In his motion to withdraw the plea, the defendant, noting the absence of a transcript of the plea colloquy, stipulated to the facts set forth in a police report. On May 28, 2013, four police officers conducted a traffic stop near the intersection of Franklin Park Road and Blue Hill Avenue in the Dorchester section of Boston, after seeing a vehicle make an illegal turn. The vehicle was occupied by the defendant, who was driving, and a female passenger. Upon approaching the vehicle, one of the officers asked for the defendant's license and the vehicle's registration. A subsequent check of the defendant's license revealed that it had been suspended. The officer then told the defendant to get out of the vehicle and placed him under arrest.

Meanwhile, officers saw the passenger "looking back and forth from the passenger['s] side to the driver['s] side [of the

2

vehicle] and patting her chest while she appeared to be breathing rapidly." In preparation for towing, the officers asked the passenger to get out of the vehicle so that they could perform an "inventory search," to which she stated that she did not feel well. After repeating their request, the officers saw the passenger "physically shaking and clutching at a black handbag."

As she got out of the vehicle, the passenger stated to the officers that she was pregnant, and that she was "possibly going to vomit." The officers then saw the passenger stick her fingers in her mouth in an apparent attempt to induce vomiting. While walking from the vehicle, the passenger began to "walk with an unnatural gait, appearing to squeeze her thighs together to walk while shuffling her feet." One of the officers checked the black bag that the passenger had been clutching, and saw multiple bags of a tan, powdery substance that the officers believed to be heroin.[1] The passenger was then placed under arrest and read her Miranda rights. Another officer asked if the passenger "had anything else on her," to which she shook her head, looked down at her lap area, and stated, "money." As the passenger moved, $6,200 in currency fell to the ground from under her dress. The officers recovered the $6,200.

---

[1] The substance later tested positive for heroin.

The defendant was transported to the police station, whereupon he was charged with the offenses listed above. The passenger was also transported to the police station after her arrest, and, following a taped interview with a detective, was released without charges. On the police report, the passenger was identified as the vehicle's registered owner.

In November of 2013, the defendant hired trial counsel to represent him in the present matter. In January of 2014, the defendant pleaded guilty, and the judge sentenced him according to an agreed upon recommendation. Through the plea agreement, the defendant avoided a two-year mandatory minimum sentence on the dismissed school zone charge and obtained a straight probation term.

b. Subsequent conviction and motion to withdraw guilty plea. In 2018, the defendant was arrested and pleaded guilty to Federal narcotics distribution charges. Pursuant to Federal sentencing guidelines, the defendant's prior convictions, which included his conviction on the drug-related charge in the present case, served as a basis for sentencing enhancements.

On December 10, 2024, the defendant moved to withdraw his guilty plea in the present case, arguing that trial counsel provided ineffective assistance of counsel in failing to pursue a motion to suppress. Specifically, the defendant averred that trial counsel did not advise him that he could file a motion to

4

suppress the evidence that was obtained as a result of the officer's exit order of the passenger; and relatedly, that he would not have accepted the plea agreement had he been cognizant that a viable motion to suppress could have been filed.[2]  A nonevidentiary hearing was held in February of 2025, where the motion judge, who was also the plea judge, concluded that "[t]he [defendant's trial] defense attorney clearly had problems . . . [but] I don't think that impacted the plea.  The [d]efendant got an incredibly generous disposition . . . [s]o . . . I'm going to deny the motion . . . for new trial."  The defendant appeals.

2. Discussion.  a. Standard of review.  "A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)."  Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014), citing Commonwealth v. Furr, 454 Mass. 101, 106 (2009).  We "examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

---

[2] The defendant's motion to withdraw his guilty plea was accompanied by affidavits from the defendant, his counsel in the Federal case, and the defendant's appellate counsel.  The defendant's counsel in the Federal case averred that, while investigating the defendant's prior convictions, he discovered that the defendant's trial counsel had been convicted of tax evasion and was subsequently disbarred.  The defendant's appellate counsel further averred that that he reached out to the defendant's trial counsel to discuss his representation of the defendant but received no response.

Additionally, we extend "substantial deference" to the rulings of a motion judge who, as here, served as the plea judge in the same case. Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016).

b. Ineffective assistance of counsel. Where a motion to withdraw a guilty plea is predicated on counsel's ineffective assistance, the defendant must show that (1) the "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," and (2) "counsel's poor performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Millien, 474 Mass. 417, 430 (2016), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

On the basis of the police report, the defendant claimed in his motion that the officers were without justification to impound the vehicle -- thereby making the inventory search, and its attendant exit order, improper -- where the vehicle's registered owner, the passenger, was present and capable of driving the vehicle away. See Commonwealth v. Torres-Pagan, 484 Mass. 34, 38 (2020) ("an exit order is justified during a traffic stop where . . . police are conducting a search of the vehicle on other grounds"). The defendant argues that had trial counsel challenged the propriety of the impoundment in a motion to suppress, the evidence seized as a result of the order would

6

have been excluded and this ultimately would have led to a dismissal of the drug-related charges.

Here, the defendant has not shown any error by counsel, let alone prejudice. Because the defendant failed to demonstrate that a motion to suppress would have been successful, he failed in establishing that trial counsel erred and likely deprived him of a "substantial ground of defence." Saferian, 366 Mass. at 96. See Commonwealth v. Comita, 441 Mass. 86, 94 (2004) (in context of motion for new trial, "it is appropriate to require the defendant to establish that the Commonwealth could . . . not have met its burden on a timely filed motion to suppress").

The defendant's motion is premised on the false assumption that the officers were aware that the passenger was the registered owner of the vehicle when they ordered her to exit, and thus, a "reasonable alternative" to impounding the vehicle existed, i.e., allowing the passenger to drive the vehicle away. See Commonwealth v. Bienvenu, 63 Mass. App. Ct. 632, 634-635 (concluding that impoundment was justified where driver was arrested and passenger had suspended license). Specifically, the defendant assumes, without any basis in the record, that because the officers asked the defendant for his license and the vehicle's registration, they also necessarily knew that the passenger was the same person listed on the vehicle's registration.

7

First, there is no evidence demonstrating that, when the officers ordered the passenger to exit the vehicle, they were aware that she was in fact the registered owner. Nor is there any evidence that the passenger represented herself as the vehicle's registered owner, or that she had a valid license at the time of the stop. Furthermore, while the police report noted the passenger as the vehicle's registered owner, this fact alone does not lead to the conclusion that the officers possessed that knowledge at the time of the exit order. Rather, because the report was written subsequent to the events detailed therein, it is reasonable to infer that the passenger's ownership of the vehicle was determined after the stop and search were conducted. Indeed, the police report states that the passenger's name was "later identified," not determined at the time of the stop and the search.

Additionally, given the state of the law at the time of the stop, the officers were under no affirmative obligation in 2013 to seek alternatives to impoundment in these circumstances. See Commonwealth v. Eddington, 459 Mass. 102, 109 n.12 (2011) (no per se rule that officer's failure to offer opportunity to make reasonable alternative arrangements for vehicle invalidates impoundment). Contrast Commonwealth v. Goncalves-Mendez, 484 Mass. 80, 85 (2020) ("where officers are aware that a passenger lawfully could assume custody of a vehicle, it is improper to

8

impound the vehicle without first offering this option to the driver.").

In sum, we discern no error of law and conclude that the judge acted within his discretion in denying the defendant's motion to withdraw his guilty plea.[3]

Order denying motion for new trial affirmed.

By the Court (Meade, Hodgens & Allen, JJ.[4]),

Clerk

Entered:  May 14, 2026.

---

[3] The defendant does not challenge the motion judge's decision to rule on the defendant's motion without first holding an evidentiary hearing.  In any event, we conclude that the judge did not abuse his discretion in denying the defendant's motion without an evidentiary hearing.  See Commonwealth v. Smith, 90 Mass. App. Ct. 261, 264 (2016), quoting Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981) ("In determining whether a 'substantial issue' meriting an evidentiary hearing . . . has been raised, we look not only at the seriousness of the issue asserted, but also to the adequacy of the defendant's showing").

[4] The panelists are listed in order of seniority.